

**Thompson Wigdor LLP** ATTORNEYS AND COUNSELORS AT LAW

85 Fifth Avenue
New York, NY 10003
Tel 212.257.6800
Fax 212.257.6845
www.thompsonwigdor.com

**Douglas H. Wigdor**
dwigdor@thompsonwigdor.com

June 13, 2013

**VIA ECF**

Catherine O'Hagan Wolfe
Clerk of the Court
United States Court of Appeals for the Second Circuit
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

    Re:    Raniere, et al v. Citigroup, Inc. et al., No.: 11-5213
            Response to Defendants' June 4, 2003 FRAP 28(j) Letter to the Court

Dear Ms. Wolfe:

Plaintiffs respond herein to Defendants' June 4, 2013 letter referring to Dixon v. NBCUniversal Media LLC, et al., 2013 WL 2355521 (S.D.N.Y. May 28, 2013) and NLRB v. New Vista Nursing & Rehabilitation, 2013 WL 2099742 (3d Cir. May 16, 2013). Dixon held that the right to proceed collectively under the FLSA is "procedural" and not "substantive," and thus waivable. Dixon, 2013 WL 2355521, at *10. However, in support of this, Dixon cites just two cases with binding authority on this Court: AT & T Mobility LLC v. Concepcion, 131 S.Ct 1740 (2011), which was not an FLSA case and thus has no bearing on whether collective action rights are substantive; and Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20 (1991), which, as Dixon rightly acknowledges, this Court expressly declined to rely on for the proposition that the right to pursue a collective action could be waived even if unavailable in arbitration. See Dixon, 2013 WL 2355521, at*10 n. 12 (citing In re Am. Express. Merchs. Litig., 634 F.3d 187 (2d Cir. 2011)). As stated in Plaintiffs' appellate brief (at 26 to 33), the right to pursue a collective action is substantive. Accordingly, Dixon merely speculates as to how this Court will hold, and should receive no deference. See Dixon, 2013 WL 235521, at *9 n. 10 (acknowledging the question of whether right to pursue a collective action under FLSA is substantive is squarely currently before this Court). Further, Defendants' assertion that Judge Engelmayer "held that the NLRA does not preclude agreements to arbitrate non-NLRA claims individually" is simply misleading, as Judge Engelmayer made no such holding.

# Thompson Wigdor LLP ATTORNEYS AND COUNSELORS AT LAW

*Catherine O'Hagan Wolfe*
June 13, 2013
Page 2

Lastly, neither New Vista nor Noel Canning has any bearing on whether D.R. Horton was rightly decided on its merits. As such, the substantive decision in D.R. Horton can and should be given deference. Additionally, as New Vista acknowledges, Noel Canning is squarely in conflict with this Court's prior holding in U.S. v. Allocco, 305 F.2d 704 (2d Cir. 1962), and, accordingly, should be given no deference. See New Vista, 2013 WL 2099742, at *30 n.34 (addressing circuit split regarding definition of "happen").

Respectfully submitted,

/s/
Douglas H. Wigdor