Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0060
Tel. 212.309.6000
Fax: 212.309.6001
www.morganlewis.com



**Sam S. Shaulson**
212.309.6718
sshaulson@morganlewis.com

August 7, 2013

Catherine O'Hagan Wolfe
Clerk of Court
Court of Appeals for the Second Circuit
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

Re:   No. 11-5213; *Raniere, et al. v. Citigroup Inc., et al.*
      Response to Appellees' Rule 28(j) Letter of August 6, 2013,
      re: *Ralph's Grocery Co.*, 2013 WL 3964787 (Laws, ALJ)

Dear Ms. Wolfe:

*Ralph's* provides no new analysis or authority relating to this appeal. It is merely a decision by an ALJ who believed she was bound by NLRB precedent of *In re D.R. Horton, Inc.*, 357 NLRB No. 184 (2012), under the unique rules applicable to NLRB ALJs. *See Rosendo-Ramirez v. I.N.S.*, 32 F.3d 1085, 1093 (7th Cir. 1994) ("The NLRB . . . instructs ALJs to apply NLRB precedent rather than (potentially adverse) circuit law."). By contrast to the ALJ who repeatedly expressed her inability to diverge from NLRB precedent, courts owe no deference to NLRB decisions interpreting the FAA, and have almost universally rejected *Horton*.

Specifically, the Eighth Circuit and every district court in the Second Circuit that has addressed the issue has rejected *Horton* and concluded that arbitration agreements containing collective action waivers do not violate the NLRA. *See, e.g.*, *Owen v. Bristol Care, Inc.*, 702 F.3d 1050, 1055 (8th Cir. 2013); *Dixon v. NBCUniversal Media*, LLC, 2013 WL 2355521, at \*10 (S.D.N.Y. May 28, 2013); *Torres v. United Healthcare Servs., Inc.*, 2013 WL 387922, at \*9 (E.D.N.Y. Feb. 1,

Morgan Lewis
COUNSELORS AT LAW

Catherine O'Hagan Wolfe
August 7, 2013
Page 2

2013); *Ryan v. JPMorgan Chase & Co.*, 2013 WL 646388, at *4 (S.D.N.Y. Feb. 21, 2013); *Cohen v. UBS Fin. Servs., Inc.*, 2012 WL 6041634, at *4 (S.D.N.Y. Dec. 4, 2012); *LaVoice v. UBS Fin. Servs., Inc.*, 2012 WL 124590, at *6 (S.D.N.Y. Jan. 13, 2012); *see also* Appellants' Supplemental Letter Brief Regarding *AmEx*, at 6-8 (ECF No. 159 July 12, 2013) (Supreme Court's recent *AmEx* decision undermines *Horton*).

Additionally, every Circuit Court that has addressed the issue has concluded that the NLRB lacked a proper quorum to issue decisions when *Horton* was decided. *See N.L.R.B. v. Enter. Leasing Co. Se., LLC*, 2013 WL 3722388, at *48 (4th Cir. July 17, 2013) (recess appointment of NLRB member who decided *Horton* was invalid); *N.L.R.B. v. New Vista Nursing & Rehab.*, 2013 WL 2099742, at **13, 30 (3d Cir. May. 16, 2013) (same); *Noel Canning v. N.L.R.B.*, 705 F.3d 490, 514 (D.C. Cir. 2013) (same); *Dixon*, 2013 WL 2355521 at *9 n.11 ("[*Horton*] may have been decided without a proper quorum").

Respectfully submitted,

/s/ Sam S. Shaulson

Sam S. Shaulson


SSS/cg