11-5213-cv
*Raniere, et al. v. Citigroup Inc.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of August, two thousand thirteen.

PRESENT:
      RALPH K. WINTER,
      JOSÉ A. CABRANES,
      CHESTER J. STRAUB,
             *Circuit Judges.*

―――――――――――――――――――――――――――――

TARA RANIERE, NICHOL BODDEN, and MARK A. VOSBURGH,
on behalf of themselves individually, and on behalf of all
similarly situated persons,

      *Plaintiffs-Appellees*,

      v.

CITIGROUP INC., CITIBANK, N.A., CITIMORTGAGE INC.,

      *Defendants-Appellants*.[1]

―――――――――――――――――――――――――――――

**FOR DEFENDANTS-APPELLANTS:**      SAM S. SHAULSON (Howard M. Radzely, William S.W. Chang, *on the brief*), Morgan, Lewis & Bockius LLP, New York, NY, Washington, DC, and Houston, TX.

---

[1] The Clerk of Court is directed to amend the caption of this case to conform to the listing of the parties shown above.

CERTIFIED COPY ISSUED ON 08/12/2013

| | |
|---|---|
| **FOR PLAINTIFFS-APPELLEES:** | DOUGLAS H. WIGDOR (David E. Gottlieb, *on the brief*), Thompson Wigdor LLP, New York, NY. |
| **FOR AMICI CURIAE CHAMBER OF COMMERCE OF THE UNITED STATES AND SOCIETY FOR HUMAN RESOURCE MANAGEMENT:** | Andrew J. Pincus, Evan M. Tager, Archis A. Parasharami, Kevin Ranlett, Scott M. Noveck, Mayer Brown LLP, Washington, DC; Robin S. Conrad, National Chamber Litigation Center, Inc., Washington, DC. |
| **FOR AMICI CURIAE NATIONAL EMPLOYMENT LAWYERS ASSOCIATION, NATIONAL EMPLOYMENT LAW PROJECT, AND THE EMPLOYEE RIGHTS ADVOCACY INSTITUTE FOR LAW & POLICY:** | Herbert Eisenberg, Eisenberg & Schnell LLP, New York, NY; David Borgen, Joseph E. Jaramillo, Goldstein, Demchak, Baller, Borgen & Dardarian, Oakland, CA; Rebecca M. Hamburg, National Employment Lawyers Association, San Francisco, CA. |

Appeal from an order of the United States District Court for the Southern District of New York (Robert W. Sweet, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the District Court's November 22, 2011 opinion and order denying defendants' motion to compel arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, is **REVERSED** and the cause is **REMANDED** to the District Court for proceedings consistent with this summary order.

## BACKGROUND

On April 6, 2011, plaintiffs-appellees Tara Raniere, Nichol Bodden, and Mark Vosburgh brought this action against defendants-appellants Citigroup Inc., Citibank, N.A., and CitiMortgage Inc. (jointly, "Citi") to recover allegedly uncompensated "overtime" wages pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the New York Labor Law

("NYLL") § 190 *et seq.* Raniere and Bodden (jointly, "plaintiffs"),[2] who are currently employees of Citi, assert that Citi "improperly classified [them] as exempt from the provisions of the FLSA and improperly denied overtime compensation to which they were entitled." *Raniere v. Citigroup Inc.*, 827 F. Supp. 2d 294, 299 (S.D.N.Y. 2011). In particular, plaintiffs allege that they were not paid for time worked in excess of 40 hours per week despite the fact that "throughout their course of employment, they worked substantially in excess of 40 hours per week, frequently working between 50 and 70 hours per week." *Id.* at 300 (internal quotation marks omitted).

On May 13, 2011, Citi filed a motion to compel arbitration pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.* Citi asserted that during plaintiffs' employment, they "entered into binding arbitration agreements that encompass their claims in this suit." *Id.* at 304. The relevant arbitration agreement, Citi's Employment Arbitration Policy,

> makes arbitration the required and exclusive forum for the resolution of all disputes arising out of or in any way related to employment based on legally protection rights . . . that may arise between an employee or former employee and Citi . . . including, without limitation, claims, demands, or actions under . . . the Fair Labor Standards Act of 1938 . . . and any other federal, state, or local statute, regulation, or common-law doctrine regarding employment, employment discrimination, the terms and conditions of employment, termination of employment, compensation, breach of contract, defamation, retaliation, whistle-blowing, or any claims arising under the Citigroup Separation Pay Plan.

App'x 102. Citi's Employment Arbitration Policy also explicitly provides that "this Policy applies only to claims brought on an individual basis. Consequently, neither Citi nor any employee may submit a class action, collective action, or other representative action for resolution under this Policy." *Id.*

The District Court found that Citi's Employment Arbitration Policy applied to plaintiffs' claims and that plaintiffs had agreed to arbitrate the claims at issue, *see Raniere*, 827 F. Supp. 2d at

---

[2] Plaintiff Mark A. Vosburgh was employed by Citi from October 30, 2002, to February 2, 2009. Citi's motion to compel arbitration did not mention Vosburgh, and the District Court's opinion did not state that Vosburgh was subject to the underlying arbitration agreement. Accordingly, we refer only to Raniere and Bodden as "plaintiffs."

3

305-08, but it held that the class-action waiver provision in that agreement was not enforceable, concluding that "a waiver of the right to proceed collectively under the FLSA is unenforceable as a matter of law," *id.* at 314. The District Court also stated its view that the "effective vindication doctrine" and our decision in *In re American Express Merchants' Litigation*, 634 F.3d 187, 196 (2d Cir. 2011) ("*Amex II*"), "require that if any one potential class member meets the burden of proving that his costs preclude him from effectively vindicating his statutory rights in arbitration, the clause is unenforceable as to that class or collective." *Raniere*, 827 F. Supp. 2d at 317. Because the District Court held that "the collective action waiver provision is unenforceable," it denied Citi's motion to compel plaintiffs to submit their claims to arbitration on an individual basis. *Id.*

This appeal followed.

## DISCUSSION

We have jurisdiction to consider this appeal because the FAA authorizes interlocutory appeals from denials of motions to compel arbitration. *See* 9 U.S.C. § 16(a)(1)(A)-(B). "We review *de novo* a district court's refusal to compel arbitration." *Parisi v. Goldman, Sachs & Co.*, 710 F.3d 483, 486 (2d Cir. 2013).

Plaintiffs' central argument is that we should affirm the District Court because the text and legislative history of the FLSA are clear that "[t]he right to collective action is an integral and fundamentally substantive element of the FLSA that cannot be subject to waiver." Plaintiffs' Br. 10. That argument, however, is directly foreclosed by our recent decision in *Sutherland v. Ernst & Young LLP*, No. 12-304-cv (2d Cir. filed Aug. 9, 2013). In *Sutherland*, we applied the Supreme Court's recent decision in *American Express Co. v. Italian Colors Restaurant*, 133 S. Ct. 2304 (2013), to claims that were virtually identical to those raised here. In doing so, we held that "[a]s in the antitrust context, no contrary congressional command requires us to reject the waiver of class arbitration in the FLSA context." *Sutherland*, slip. op. at 9 (internal quotation marks and brackets omitted). We

4

also noted that "every Court of Appeals to have considered this issue has concluded that the FLSA does not preclude the waiver of collective action claims." *Id.* (collecting cases).

Plaintiffs' alternative argument in support of affirming the District Court is that our decisions in *In re American Express Merchants' Litigation*, 554 F.3d 300 (2d Cir. 2009) ("*Amex I*"), *Amex II*, 634 F.3d at 187, and *In re American Express Merchants' Litigation*, 667 F.3d 204 (2d Cir. 2012) ("*Amex III*"), instruct that "collective action waivers are unenforceable where any putative member of the class or collection would be unable to vindicate their statutory rights." Plaintiffs' Br. 47. But *Italian Colors* reversed *Amex III* and requires us to conclude that the District Court's statements in this regard were erroneous. Indeed, in *Italian Colors*, the Supreme Court held that although the effective vindication doctrine was designed "to prevent [the] prospective waiver of a party's *right to pursue* statutory remedies," 133 S. Ct. at 2310 (internal quotation marks omitted), that doctrine does not apply simply because it is not "economically feasible" for a plaintiff to enforce his statutory rights individually, *id.* at 2311 n.4 (emphasis omitted). In clarifying the limits of the effective vindication doctrine in this manner, the Supreme Court specifically noted that "the fact that it is not worth the expense involved in *proving* a statutory remedy does not constitute the elimination of the *right to pursue* that remedy." *Id.* at 2311.

In sum, substantially for the reasons stated in *Italian Colors* and *Sutherland*, we conclude that the District Court erred in concluding that (1) "a waiver of the right to proceed collectively under the FLSA is unenforceable as a matter of law," *Raniere*, 827 F. Supp. 2d at 314, and (2) "if any one potential class member meets the burden of proving that his costs preclude him from effectively vindicating his statutory rights in arbitration, the clause is unenforceable as to that class or collective," *id.* at 317.

5

## CONCLUSION

We have considered all of plaintiffs' arguments on appeal and find them to be without merit. In light of the Supreme Court's recent decision in *American Express Co. v. Italian Colors Restaurant*, 133 S. Ct. 2304, 2311 (2013), and our recent decision in *Sutherland v. Ernst & Young LLP*, No. 12-304-cv (2d Cir. filed Aug. 9, 2013), we **REVERSE** the District Court's November 22, 2011 opinion and order denying defendants' motion to compel arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, and we **REMAND** the cause to the District Court for proceedings consistent with this summary order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk



A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit